## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

**JERRY JACOBSON**                         CASE NO.:

    Plaintiff,

vs.

**LEXISNEXIS RISK SOLUTIONS, INC.,**

    Defendant.                     **JURY TRIAL DEMANDED**
_____/

## COMPLAINT

Plaintiff, Jerry Jacobson (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, LexisNexis Risk Solutions, Inc. (hereinafter "LexisNexis"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. The FCRA was enacted to promote accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, and in doing so, promote the efficiency and public confidence in the banking system.

3. LexisNexis has violated the FCRA with respect to Plaintiff by failing to correct inaccuracies on his credit report.

4. Plaintiff brings claims for his actual and punitive damages against LexisNexis for its inaccurate reporting and for their failure to investigate Plaintiff's disputes of that inaccurate reporting.

## JURISDICTION AND VENUE

5. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and 28 U.S.C §1367.

6. Venue is proper in this District as Plaintiff residents in this District, the violations described in this Complaint occurred in this District, and the LexisNexis transacts business within this district. 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff is a natural person and resident of the State of Florida, residing in Palm Beach County, Florida.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Upon information and belief, LexisNexis is a "consumer reporting agency" as defined in 15 USC § 1681a(f).

10. Upon information and belief, LexisNexis is a specialty credit reporting agency engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1), to third parties.

11. LexisNexis is headquartered at 1000 Alderman Drive, Alpharetta, Georgia, 30348. LexisNexis is authorized to do business in the State of Florida, including the Southern District.

12. Upon information and belief, LexisNexis disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

13. In July of 2020, Plaintiff pulled his credit with LexisNexis after receiving an adverse rating from an insurance provider.

14. Upon review of his credit reports, Plaintiff discovered that LexisNexis was reporting, in error, that Plaintiff was "Affected by Natural Disaster" across the hearing page and related to a revolving charge account for Bloomingdales on his National Credit File Report. No other delinquent or negative accounts were reported on Plaintiff's credit reports.

15. Plaintiff has not been affected by a natural disaster.

16. On or about July 16, 2020 Plaintiff sent a dispute letter to LexisNexis explaining that errors in the report were present. See Exhibit A.

17. Plaintiff contacted Bloomingdales via fax on July 23, 2020 regarding the issue with his account. Bloomingdales responded on July 25, 2020 that the issue was being corrected with the credit bureaus.

18. In LexisNexis' response, dated August 5, 2020, LexisNexis failed to edit the credit report to update the account and indicated that LexisNexis would initiate on his behalf disputes with Experian regarding the information reflected on his personal credit account. Additionally, LexisNexis stated that it had not received a response to the dispute from Experian. See Exhibit B.

19. On August 11, 2020, Plaintiff sent another letter to LexisNexis regarding the continuing errors. Moreover, Plaintiff advised LexisNexis that Experian was reporting correctly and in fact LexisNexis was still failing to timely correct errors on its National Credit File Report. Furthermore, at this time Plaintiff made a demand for damages. See Exhibit C. No response to this letter was ever received.

20. LexisNexis failed to independently conduct any investigation.

21. It appears LexisNexis failed to contact Bloomingdales.

22. Upon Plaintiff's request for verification and correction, and in accordance with its standard procedures, LexisNexis did not evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the erroneous entry.

23. To date, LexisNexis has failed to report the proper information on Plaintiff's credit report despite having been given ample notice of the error.

24. Plaintiff feels helpless in his efforts to regain control of his creditworthiness.

25. Plaintiff has been forced to pay higher insurance premiums as a result of the LexisNexis reporting.

26. As a result of the inaccurate credit reporting, Plaintiff has sustained damages, including, but not limited to:

   a. Higher rates for his insurance;

   b. Stress associated with being denied credit;

   c. Loss of time attempting to cure the errors;

   d. Costs related to disputing the inaccuracies with LexisNexis;

   e. Mental anguish, stress, aggravation, frustration, anxiety, embarrassment, and other related impairments to the enjoyment of life.

   f. Denials of credit accounts.

27. All conditions precedent to the filing of this action have occurred.

## CLAIMS FOR RELIEF

### COUNT I
### LEXISNEXIS' VIOLATION OF 15 U.S.C. § 1681e(b)

28. Plaintiff re-alleges and reincorporates paragraphs 1 through 27, as if fully set forth herein.

29. LexisNexis is subject to and violated the provisions of 15 U.S.C. §1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credits reports and credit files published and maintained concerning Plaintiff.

30. LexisNexis willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report.

31. The inaccuracies included in Plaintiff's credit report are due to LexisNexis's failure to follow reasonable procedures to assure the maximum possible accuracy of his credit file.

32. Specifically, had LexisNexis conducted a reasonable investigation to determine whether the disputed information was inaccurate, LexisNexis would have discovered that the contents of Plaintiff's dispute letter were correct and accurate.

33. Plaintiff has suffered injury which was caused by the inclusion of this inaccurate information on his credit report. More specifically, Plaintiff has incurred higher rates and less favorable terms on his insurance.

34. LexisNexis' actions were a direct and proximate cause, as well as a substantial factor in, the serious injuries, damages and harm to Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

    i. Find LexisNexis in violation of 15 U.S.C. §1681e(b);

    ii. Award any actual damages to Plaintiff as a result of LexisNexis' violations;

    iii.    Award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

    iv.    Award any punitive damages, as the Court may allow;

    v.    Award the costs of the action, together with any attorney's fees incurred in connection with such action as the Court may deem to be reasonable under the circumstances; and

    vi.    Award such other relief as this Court deems just and proper.

## COUNT II
## LEXISNEXIS' VIOALTION OF 15 U.S.C. § 1681i(a)(1)

35.    Plaintiff re-alleges and reincorporates paragraphs 1 through 27, as if fully set forth herein.

36.    LexisNexis is subject to, and violated the provisions of, 15 U.S.C. §1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit file.

37.    Specifically, LexisNexis willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

38.    Had LexisNexis conducted a reasonable re-investigation to determine whether the disputed information was inaccurate, LexisNexis would have discovered that the contents of Plaintiff's dispute letters were correct and accurate.

39.    Such reporting is false and evidences LexisNexis' failure to conduct reasonable re-investigations of Plaintiff's disputes.

40.    LexisNexis' re-investigation of Plaintiff's disputes was not conducted reasonably.

41. LexisNexis' re-investigations of Plaintiff's disputes were not conducted in good faith and are unreasonable.

42. LexisNexis' re-investigations of Plaintiffs disputes were not conducted using all information reasonably available to LexisNexis.

43. LexisNexis' re-investigations were per se deficient by reason of these failures in LexisNexis re-investigations of Plaintiff's disputes.

**WHEREFORE**, Plaintiff requests the following relief:

i. Find LexisNexis in violation of 15 U.S.C. §1681i(a)(1);

ii. Award any actual damages to Plaintiff as a result of LexisNexis' violations;

iii. Award any additional damages, as may be allowed, in an amount not to exceed $1,000.00 for each such violation;

iv. Award any punitive damages, as the Court may allow;

v. Award the costs of the action, together with any attorney's fees incurred in connection with such action as may be deemed to be reasonable under the circumstances; and

vi. Award such other relief as this Court deems just and proper.

## COUNT III
### LEXISNEXIS' VIOALTION OF 15 U.S.C. § 1681i(a)(4)

44. Plaintiff re-alleges and reincorporates paragraphs 1 through 27, as if fully set forth herein.

45. LexisNexis is subject to, and each violated the provisions of, 15 U.S.C. §1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes.

46. Had LexisNexis reviewed and considered all information received in Plaintiff's disputes, LexisNexis would have discovered that the plaintiff had not been involved in a natural disaster. LexisNexis willfully and/or negligently failed to review and consider all information received in Plaintiff's disputes.

47. LexisNexis' failure to review and consider all information received in Plaintiff's disputes, constitute negligent or willful noncompliance with the FCRA.

48. LexisNexis' failure to review and consider all information received in Plaintiff's disputes, was done in bad faith.

**WHEREFORE**, Plaintiff requests the following relief:

   i. Find LexisNexis in violation of 15 U.S.C. §1681i(a)(4);

   ii. Award any actual damages to Plaintiff as a result of LexisNexis' violations;

   iii. Award any additional damages, as may be allowed, in an amount not to exceed $1,000.00 for each such violation;

   iv. Award any punitive damages, as the Court may allow;

   v. Award the costs of the action, together with any attorney's fees incurred in connection with such action as may deemed to be reasonable under the circumstances; and

   vi. Award such other relief as deemed just and proper.

### COUNT IV
### LEXISNEXIS' VIOALTION OF 15 U.S.C. § 1681i(a)(5)

49. Plaintiff re-alleges and reincorporates paragraphs 1 through 27, as if fully set forth herein.

50. LexisNexis is subject to, and violated the provisions of, 15 U.S.C. §1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's dispute as inaccurate or that could not be verified.

51. Specifically, despite receiving Plaintiff's dispute letter, LexisNexis' willfully and/or negligently failed to update or delete the inaccurate information on Plaintiff's report.

52. As a result of LexisNexis' conduct, actions, and inactions, Plaintiff was forced to pay higher rates and premiums on his insurance.

53. LexisNexis' actions were a direct and proximate cause of, as well as a substantial factor in, Plaintiffs' injuries, damages, and harm as more fully stated herein.

**WHEREFORE**, Plaintiff requests the following relief:

i. Find LexisNexis in violation of 15 U.S.C. §1681i(a)(5);

ii. Award any actual damages to Plaintiff as a result of LexisNexis' violations;

iii. Award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

iv. Award any punitive damages, as the Court may allow;

v. Award the costs of the action, together with any attorney's fees incurred in connection with such action as the Court may deem to be reasonable under the circumstances; and

vi. Award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

## **SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Plaintiff hereby give notice to LexisNexis and demands that LexisNexis and their affiliates safeguard all relevant evidence—Electronically Stored Information, paper, electronic documents, or data—pertaining to this litigation.

Dated: December 10, 2020

                                                Respectfully submitted,

                                                **KASS SHULER PA**
                                                1505 N. Florida Ave.
                                                Tampa, FL 33602
                                                Tel: 813-229-0900
                                                Fax: 813-229-3323
                                                Email: mschwartz@kasslaw.com

                                                By:    /s/ Matthew L. Schwartz
                                                            Matthew L. Schwartz
                                                            Fla. Bar. No. 15713